

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 100 | **DATE** | 3/3/2000 |
| **CASE TITLE** | USA vs. Wapinski | | |

**MOTION:**  [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____.  Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order.  For the reasons set forth on the attached order, the Skolarzes' motion for reconsideration as to Count 3 is denied.  The Clerk is directed to enter final judgment in favor of Walter Skolarz and Steven Skolarz on Counts 1 and 4 of their amended third party complaint in the amount of $71,103.72, and in favor of State Farm Fire & Casualty Company on Counts 2 and 3 of the Skolarzes' amended third party complaint.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | number of notices | |
| | No notices required. | | | | |
| | Notices mailed by judge's staff. | | | MAR 0 6 2000 | |
| | Notified counsel by telephone. | | | date docketed | 61 |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| OR | courtroom deputy's initials | | | date mailed notice | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>WAPINSKI REAL ESTATE,<br>GARY WAPINSKI, STEVEN SKOLARZ<br>WALTER SKOLARZ, and<br>ESTATE OF SHAUKAT A. SHAH<br><br>        Defendants.<br>- - - - - - - - - - - - - - - - - - - - - - - - - -<br>STEVEN SKOLARZ and<br>WALTER SKOLARZ,<br><br>        Third Party Plaintiffs,<br><br>        v.<br><br>STATE FARM FIRE & CASUALTY CO.,<br><br>        Third Party Defendant. | )<br>)<br>)<br>)<br>)  Case No. 99 C 100<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  **DOCKETED**<br>)<br>)  MAR 0 6 2000<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In their third party claim against State Farm Fire & Casualty Company, Steven and

Walter Skolarz sought a declaratory judgment that State Farm had a duty under certain insurance

policies to defend them against the plaintiff's claims, an award of the costs of their defense of

those claims, and compensation for State Farm's allegedly unreasonable and vexatious delay and

refusal to defend. On October 22, 1999, the Court issued a Memorandum Opinion and Order

concluding that State Farm had no duty to defend the Skolarzes and granting summary judgment in State Farm's favor on each of the Skolarzes' claims. The Court's decision was based on its reading of an exclusion in the policies for claims arising from the insureds' "business pursuits." The Skolarzes sought reconsideration, and on January 6, 2000, the Court granted their motion in part, vacating the October 22, 1999 decision and issuing a revised Memorandum Opinion and Order granting summary judgment in favor of the Skolarzes on their duty to defend and declaratory judgment claims, but upholding the previous granting of summary judgment in favor of State Farm on the vexatious delay claim and an estoppel claim that is of no consequence here. *United States v. Wapinski Real Estate,* No. 99 C 100, 2000 WL 28271 (N.D. Ill. Jan. 6, 2000).

The Court then invited the parties to address the issue of the proper relief to be awarded in light of the Court's decision. They have now briefed that issue. The Skolarzes have also sought reconsideration of the Court's decision to grant summary judgment against them on the vexatious delay claim. We address both issues in this Memorandum Opinion. Familiarity with the Court's prior decisions and the facts of the underlying case is assumed.

### The vexatious delay claim

The Skolarzes' vexatious delay claim was brought pursuant to 215 ILCS 5/155, which provides that in any action in which an insurance company's liability, unreasonable delay in settling, or amount of loss payable is at issue, "and it appears to the court that such action or delay is vexatious and unreasonable," the court may allow as part of taxable costs reasonable attorney's fees and a statutory penalty. The Skolarzes claimed that from the time they first sought a defense in December 1998, State Farm stonewalled them and refused to provide a defense. They contended that State Farm's conduct was unreasonable and vexatious.

2

In the now-vacated October 22, 1999 Memorandum Opinion and Order, the Court

concluded that the earliest event that *potentially* triggered a duty to defend took place on August

4, 1999, when the Skolarzes forwarded to State Farm a copy of a July 29, 1999 discovery

response from the plaintiff in which a claim of physical injury to certain of the complainants was

made for the first time.[1] The Court went on to conclude, however, that the business pursuits

exclusion applied and that State Farm had no duty to defend the Skolarzes. In entering summary

judgment against the Skolarzes on their section 155 claim, the Court took into account its finding

that State Farm had never had a duty to defend and the fact that after receiving the Skolarzes'

third party claim, which had been filed only days after August 4, State Farm had promptly sought

a declaration that it had no duty to defend. The Court concluded that under the circumstances,

the Skolarzes could not successfully maintain a section 155 claim against State Farm.

Upon reconsideration, the Court concluded in its Memorandum Opinion and Order of

January 6, 2000 that it had erred in determining that the business pursuits exclusion applied. The

Court concluded that State Farm did in fact have a duty to defend the Skolarzes, albeit one that

had not been triggered until August 4, when the Skolarzes had transmitted the plaintiff's

discovery response indicating physical injuries to certain of the complainants. This revised

conclusion led the Court to address anew the section 155 claim. The Court noted that the issue

of coverage was in litigation within a matter of days after August 4 and concluded that for this

reason, State Farm's denial of a defense, made at a time when the Skolarzes had already

---

[1] Our October 22, 1999 and January 6, 2000 decisions said that State Farm had received
this material on August 6, 1999. It now appears, based on documents submitted by the Skolarzes
with their current motion, that they faxed these items to State Farm on August 4. The difference
is not material, but we will use the August 4 date in this decision.

requested to file the third party complaint against State Farm, and followed within a reasonable time by a request for a judgment of non-coverage, could not be considered unreasonable and vexatious within the meaning of section 155. In short, the Court held to its earlier view that as a matter of law, State Farm's actions following the August 4 event triggering the duty to defend could not be deemed a violation of section 155.

The Skolarzes now seek reconsideration of this determination. They contend that: (1) the existing evidence shows that State Farm acted vexatiously and with unreasonable delay from the time the Skolarzes initially sought a defense in late 1998, or at least gives rise to a genuine issue of material fact on that score; (2) State Farm's breach of its duty to defend in August 1999 took place at "a critical time in the underlying proceedings" (Brief Regarding Scope of Judgment, p. 13), and its decision to deny coverage at that time was vexatious and unreasonable; and (3) they should be able to take discovery to determine State Farm's beliefs and motives during the relevant period. The Skolarzes also attach an affidavit from the attorney who has represented them in this action stating that as one experienced in handling insurance coverage matters, he is of the opinion (for reasons stated in his affidavit) that State Farm behaved vexatiously and unreasonably.

The Skolarzes' motion to reconsider is denied. The Court has already held that State Farm's duty to defend was not triggered at any time prior to August 4, 1999. Put another way, State Farm's refusal to provide or pay for a defense before that date was entirely proper. In light of the Court's ruling that State Farm did not violate its obligations under the insurance policies, the company's actions prior to August 4 cannot be considered vexatious or unreasonable within the meaning of section 155. *See, e.g., West Suburban Bank of Darien v. Badger Mutual*

4

*Insurance Co.,* 947 F. Supp. 333, 337 (N.D. Ill. 1996), *aff'd,* 141 F.3d 720 (7th Cir. 1998); *Hermitage Insurance Co. v. Action Marine, Inc.,* 816 F. Supp. 1280, 1286 (N.D. Ill. 1993); *O'Rourke v. Access Health, Inc.,* 282 Ill. App. 3d 394, 668 N.E.2d 214, 222 (1996).

This brings us to the events following August 4. First, we disagree with the Skolarzes' contention that State Farm's denial of coverage following receipt of the plaintiff's discovery responses came at "a critical time in the proceedings." On Thursday, August 5, 1999, the Court held a lengthy settlement conference which included separate sessions with the plaintiff and complainants, and with the defendants. *At that conference,* the parties agreed to a settlement, subject to agreement on a single term – which on Monday, August 9 they reported had been resolved. *See generally United States v. Wapinski,* No. 99 C 100, 1999 WL 1012444 (N.D. Ill. Oct. 28, 1999). In short, as of August 5, the plaintiff's lawsuit against the Skolarzes was all over but the shouting.

This does not, however, eliminate the need to address the Skolarzes' contentions. To do so completely, we must first discuss in greater detail the events surrounding August 4. As we have indicated, on July 29, 1999, the plaintiff served responses to the Skolarzes' written discovery requests; the responses included claims that certain of the complainants had suffered physical injury as a result of the defendants' conduct. This was the first time that there had been any assertion of bodily or physical injury on the part of the complainants in connection with the lawsuit. On Wednesday, August 4, 1999, the Skolarzes' counsel sent a letter to Tracy Jenkins, a State Farm "claim team manager," enclosing the discovery responses and advising State Farm that the complainants were alleging a bodily injury. Jenkins responded promptly, on August 10, 1999, stating that in her view, the policies' definition of bodily injury had not been met.

5

By the time of Jenkins' reply, however, the Skolarzes had already taken steps to file suit against State Farm. In one of the final sessions that the Court held with the defendants' representatives during the settlement conference on Thursday, August 5, the Skolarzes' counsel advised the Court that he intended to seek leave to assert a third party claim against the Skolarzes' insurer. He inquired whether the Court would grant him leave to do so at the settlement conference; the Court said no but told counsel that if he wished to bring such a motion, he should file it and promptly notice it for hearing. The Skolarzes then did just that, filing their motion for leave to amend on Tuesday, August 10, the same date as Jenkins' letter denying coverage. On Thursday, August 12, the Court granted the Skolarzes leave to file their third party complaint; it was served on State Farm on August 18. The Skolarzes then filed an amended third party complaint on September 20. State Farm responded promptly; it answered the amended third party complaint on October 6, and on October 14, it made an oral motion for judgment on the pleadings – the equivalent of a request for a declaratory judgment in its favor.

By no stretch of the imagination can State Farm's conduct following August 4 be considered an unreasonable or vexatious delay; State Farm responded promptly and did nothing to stall. That leaves only the question whether State Farm's denial of a defense at that time was itself vexatious or unreasonable. Though the insurer's position ultimately was not sustained by the Court, no reasonable fact finder could consider it vexatious or unreasonable. State Farm asserted legitimate arguments concerning why the Court should not consider the plaintiff's discovery responses identifying the complainants' bodily injuries (as they were not claimed in the complaint or any amended complaint) and why the injuries, in view of the manner of their alleged causation, fell outside the scope of the policy. Even considering the fact that an insurer's

duty to defend is broader than its duty to indemnify, State Farm's position was not unreasonable. In addition, State Farm's assertion of the business pursuits exclusion, though ultimately unsuccessful, not only was a plausible position, it was actually upheld by the Court until it granted the Skolarzes' motion to reconsider. An insurer's pressing of an "at least arguable" though erroneous denial of coverage or a defense does not constitute vexatious or unreasonable conduct. *See Rozenfeld v. Medical Protective Co.,* 73 F.3d 154, 158 (7th Cir. 1996); *State Farm Fire & Casualty Insurance Co. v. Miceli,* 164 Ill. App. 3d 874, 884, 518 N.E.2d 357, 363 (1987) (assertion of "plausible, though unsuccessful" defense not vexatious or unreasonable). State Farm's actions clearly did not fall below that standard.

For these reasons, the Court is not shaken from its conclusion that the Skolarzes cannot maintain a claim under section 155. The Court continues to believe that there is no genuine issue as to any material fact and that State Farm is entitled to judgment on Count 3 as a matter of law. Discovery would not illuminate the material issues any further. The Skolarzes' motion to reconsider as to Count 3 is denied.

### Damages for breach of duty to defend

The Skolarzes contend that though the Court has ruled that State Farm's duty to defend was not triggered until August 4, 1999, once triggered, State Farm was and is required to assume or pay for the Skolarzes' defense from the time the claim first arose (sometime in 1998). State Farm argues that the defense costs for which it is responsible under the Court's ruling extend back only as far as August 4.[2]

---

[2] State Farm uses the date of August 6 in its memorandum, but as indicated in footnote 1, the date on which it was actually advised of the claims of physical injury was August 4.

Neither party has cited any Illinois cases that deal squarely with this issue. State Farm relies on *Thornton v. Paul,* 74 Ill. 2d 132, 384 N.E.2d 335 (1978). In that case, Paul, a bar owner, was convicted of committing a battery against Thornton in the bar, and he asked his insurer to provide a defense to Thornton's civil suit for damages due to the battery. The insurer denied coverage based on a policy exclusion for injuries arising from battery. Thornton then filed an amended complaint alleging that Paul had negligently struck him on the head, but the insurer still declined to provide Paul a defense. The court held that the amended complaint triggered the duty to defend. Because that the insurer would have a conflict of interest if it took over the defense, its duty was to be discharged by paying Paul's defense costs. It held, however, that the insurer's duty concerned only the amended complaint. *Id.* at 348.

State Farm contends that *Thornton* compels a ruling that its obligation to pay the Skolarzes' defense costs extends only to the events following the August 4 triggering event. It argues that the plaintiff's discovery responses that were forwarded to State Farm on August 4 constituted a *de facto* amendment of the plaintiff's complaint and for that reason *Thornton* limits the Skolarzes' recovery of defense costs to those incurred from that date forward. The Court does not believe that *Thornton* requires that result here. The key difference between *Thornton* and this case is that there, based on policy exclusions, the insurer's duty to defend plainly did not extend to the claim of an intentional battery; the claim that was added in the amended complaint was a new and distinct theory of liability. The same is not true here. Plaintiff asserted a single theory of liability against the defendants throughout the litigation. It was not the theory of liability that excused State Farm from providing a defense, but rather the nature of the injuries claimed. When the plaintiff advised the defendants on July 29 that certain complainants had

8

suffered bodily injuries, there was no change in the plaintiff's theory of liability. Nor can it be said (and State Farm does not argue) that the plaintiff's new contentions regarding injury set out a distinct claim, as was the case in *Thornton*. In sum, *Thornton* does not provide the Court with any real assistance in deciding this case.

The plaintiff's discovery disclosures appear to have concerned injuries that the complainants actually had suffered at an earlier time, though neither they nor the plaintiff had claimed or otherwise mentioned them in the course of the litigation up to that point. In other words, the injuries had been there from the beginning. If they had been claimed in some way by the plaintiff or by the complainants as of December 1998, when the Skolarzes first sought a defense, then State Farm's duty to defend would have been triggered at that time. The fortuity that neither the plaintiff nor the complainants raised the issue until late July 1999 does not alter the fact that, as it ultimately turned out, the claim against the Skolarzes had from the beginning been one that implicated physical injuries. For this reason, the Court concludes that State Farm is obligated to reimburse the Skolarzes for their costs of defending the claims from beginning to end, not just from August 4 on.

This does not mean that State Farm had a duty to discover the claim of physical injury earlier, as the Skolarzes have argued. This is not a case in which there was a vague assertion of injury or damage that might reasonably have been construed as potentially including a claim of bodily harm. Rather, both the charge of discrimination filed by HUD and the complaint and amended complaint filed by the plaintiff made a specific request for recovery of particular types of damages – none of which were covered or potentially covered by the Skolarzes' insurance policies. It was only when the plaintiff served its discovery responses on July 29, 1999 that there

9

was any hint of a possibility of a claim of physical injury.

The affidavit of the Skolarzes' counsel that accompanied their opening brief stated that the Skolarzes incurred attorney's fees of $66,351.00 and expenses of $4,752.72 in the defense of the claims. State Farm has not objected to or otherwise challenged these figures. We will therefore direct the entry of judgment against State Farm in the amount of $71,103.72.

### Conclusion

The Skolarzes' motion for reconsideration as to Count 3 is denied. The Clerk is directed to enter final judgment in favor of Walter Skolarz and Steven Skolarz on Counts 1 and 4 of their amended third party complaint in the amount of $71,103.72, and in favor of State Farm Fire & Casualty Company on Counts 2 and 3 of the Skolarzes' amended third party complaint.

MATTHEW F. KENNELLY
United States District Judge

Date: March 3, 2000